**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**
Four Century Drive, Suite 250
Parsippany, NJ 07054
(973) 734-3200
(973) 734-3201
By: Nada Peters, Esq.
Attorneys for Defendant, Wal-Mart Stores East, LP
(improperly pled as Walmart)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN HARMS,<br><br>              Plaintiffs,<br><br>vs.<br><br>WALMART, ABC CORPORATION (1-10) a fictitious name, DEF CORPORATION, (1-10), a fictitious name, JOHN DOE (1-10), MARY DOE (1-10), fictitious names, fictitious persons, intended being of unknown names,<br><br>              Defendant. | CIVIL ACTION NO. 2:21-cv-10910<br><br><br>**NOTICE OF REMOVAL** |

Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart) ("Defendant"), by and through its undersigned counsel, for the purpose of removing this cause from the Superior Court of New Jersey, Law Division, Morris County, New Jersey, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders provided to Defendant in this action:

1

1. <u>State Court Action</u>.  Plaintiff, Kevin Harms ("Plaintiff"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Morris County, New Jersey, on or about March 17, 2021, in a matter pending as docket number MRS-L-000572-21. Copies of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2. <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiff asserts a claim for negligence against Defendant stemming from the allegation that Plaintiff was injured when he tripped and fell in the parking lot of the Walmart store in Flanders, New Jersey on March 25, 2019 and as a result, suffered permanent injuries.  The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed.

3. <u>Defendants</u>.  Other than fictitious defendants, Plaintiff has named no defendants other than Wal-Mart Stores East, LP.

4. <u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendant, and in which the amount in controversy equals or exceeds $75,000.00.

Defendant operates the subject store where the incident at issue allegedly occurred. Defendant, Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of

business located in Arkansas.  Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. According to Plaintiff's Complaint, Plaintiff is a citizen of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  The Complaint alleges that as a direct and proximate result of the negligence of the Defendant, Plaintiff "sustained serious personal injuries to his body, nervous systems, and other internal and external injuries, from which he suffered great pain, will continue to suffer great pain, was prevented from performing his usual work and activiteis, has incurred expenses from medical attention and sustained loss of income" (**Exhibit A**, Complaint at First Count, ¶ 4.)  On April 15, 2021, Defendant's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000.  (Attached hereto as **Exhibit B** is a true and correct copy of the April 15, 2021 letter and its enclosure.)  To date, Plaintiff has not returned the stipulation.

While Defendant denies all liability to Plaintiff and denies that he is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the injuries alleged, and that the Stipulation of Damages has not been returned to Defendant's counsel, and upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.

5. <u>Timely Filing</u>.  A courtesy copy of the Complaint was sent to Defendant on or about April 7, 2021 and Defendant's counsel agreed to accept service of the Complaint on May 5, 2021. The filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of receipt of the Summons and Complaint by Defendant.

6. <u>State Court Documents Attached</u>.  A copy of all process, pleadings and orders received and/or filed by Defendant in this case are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Morris County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiff, per his counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Morris County, New Jersey.

9. <u>Relief Requested</u>. Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Morris County, New Jersey to the United States District Court for the District of New Jersey.

WHEREFORE, Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart), hereby removes this action, currently pending as Docket Number MRS-L-000572-21 in the Superior Court of New Jersey, Law Division, Morris County, New Jersey.

Dated:  May 7, 2021                                  Respectfully submitted,


  /s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart)

5

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Morris County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Wal-Mart Stores East, LP's (improperly pled as Walmart), knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  May 7, 2021            /s/ Nada M. Peters
                               Nada M. Peters, Esq.